**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JOE WINFREY MCLEMORE, # 72051**                                           **PETITIONER**

**v.**                                                    **CAUSE NO. 3:18-cv-293-CWR-MTP**

**WARDEN JOHN BRADLEY**                                                      **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of Joe Winfrey McLemore for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [7] pursuant to 28 U.S.C. § 2244(d). Having considered the Motion, the record, and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [7] be granted and the Petition [1] be dismissed with prejudice as untimely.

### PROCEDURAL HISTORY

On August 12, 1996, Petitioner was convicted of armed robbery and aggravated assault and sentenced to serve consecutive terms in the custody of Mississippi Department of Corrections with twenty-five (25) years for armed robbery and twenty (20) years for aggravated assault.[1] Petitioner was sentenced as a habitual offender pursuant to Mississippi Code Ann. § 99-19-81, without eligibility for parole, suspension, or reduction of his sentences. *See* [8-7] at 45-46. On April 9, 1998, the Mississippi Supreme Court affirmed Petitioner's convictions and sentences. *See* [1-3].

On March 10, 2016, almost eighteen years later, Petitioner filed a motion for post-conviction relief with the Mississippi Supreme Court. [9-12] at 118. On August 3, 2016, the Court denied that motion as untimely. *See* Order [7-3]. In October 2016, Petitioner filed a

---

[1] Petitioner was convicted of the same offenses in 1992, but was granted a new trial and subsequently convicted again. *See McLemore v. State*, 669 So.2d 19 (Miss. 1996) (Cause No. 1992-CT-00463-SCT).

1

document titled, "Parole Eligibility and other Sentence Reductions in Newton County." On October 31, 2016, the Newton County Circuit Court construed the filing as a post-conviction motion and denied it. *See* Order [7-5]. On March 17, 2017, Petitioner filed a second petition requesting parole, which that court also denied. *See* Order [7-6].

On April 17, 2018, Petitioner filed his *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C § 2254. *See* Petition [1]. Respondent has moved [7] to dismiss the Petition as untimely pursuant to 28 U.S.C § 2244(d). Petitioner did not respond to the motion and the time for doing so has long since expired.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA) specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003).

Petitioner's conviction became final—and the statute of limitations for federal habeas relief began to run—on July 8, 1998.[2] *See Aguilar v. Banks*, 2007 WL 2406973, at *2 (S.D.

---

[2] Although Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, he could have done so within ninety days of the state court's final decision. Accordingly, this 90 day period is added to the period for determining when his state court conviction "became final" for AEDPA purposes. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).

Miss. Aug. 2, 2007). Petitioner was required to file his federal habeas petition by July 8, 1999, unless he is entitled to statutory tolling, equitable tolling, is actually innocent, or did not discover the factual predicate of his claim until later. 28 U.S.C. § 2244(d)(1)(A) and (D). Petitioner filed this action on April 17, 2018.

**Statutory Tolling**

Whether statutory tolling occurred is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending.

Petitioner filed his first application to proceed with a motion for post-conviction collateral relief on March 6, 2016, with the Mississippi Supreme Court. However, his federal habeas filing deadline expired on April 9, 1999. This post-conviction motion and the subsequent post-conviction motions were filed more than seventeen (17) years after the federal habeas deadline had expired. A state post-conviction petition cannot toll the one-year limitation period described in section 2244(d)(2) if it is filed after Petitioner's federal filing deadline has passed. *See Baldwin v. Parker*, 2006 U.S. Dist. LEXIS 102420, 2006 WL 3858896, at *3 (S.D. Miss. Dec. 28, 2006); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under Section 2244(d)(2) because it was not filed until after the limitation period expired).

As such, Petitioner does not benefit from statutory tolling under Section 2244(d)(2).

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable

3

tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Also, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances that warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner alleges violations of due process, double jeopardy, illegal sentencing, and ineffective assistance of counsel as exceptions to the procedural bar for filing the instant habeas petition. *See* Petition [1]. These are merely substantive arguments to the merits of his Petition and do not show "rare and exceptional circumstances," that he pursued his rights diligently, or that he was prevented from doing so. *See Davis*, 158 F.3d at 811; *Manning*, 688 F.3d at 183. As Petitioner waited many years after he was convicted to file the instant Petition, he has not demonstrated the diligence required to invoke equitable tolling nor advanced any reason why equitable tolling should be applied.

Finally, Petitioner is not claiming actual innocence, nor does he identify any new facts, not previously discoverable with reasonable diligence, which might justify an untimely petition.

## CONCLUSION

Petitioner's state court judgment became final on July 8, 1998. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file his federal petition by July 8, 1999. Petitioner filed his petition on April 17, 2018, almost nineteen (19)

years past the deadline. As he is not entitled to the benefits of statutory, equitable, or other tolling, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [7] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 8th day of August, 2018

                                                s/ Michael T. Parker
                                                United States Magistrate Judge